UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE AT NEW YORK UNIVERSITY SCHOOL OF LAW<br><br>Plaintiff,<br><br>- against -<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552** *et seq.* |

Plaintiff Brennan Center for Justice at New York University School of Law ("Brennan Center" or "Plaintiff"), by and through its undersigned attorneys, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for declaratory, injunctive, and other appropriate relief to compel the disclosure and release of documents from Defendant U.S. Immigration and Customs Enforcement ("ICE" or "Defendant"). In support thereof, Plaintiff alleges as follows:

## INTRODUCTION

1.     Plaintiff Brennan Center is a bipartisan, not-for-profit law and public policy institute that works to reform, revitalize, and, when necessary, defend American systems of democracy and justice.

2.     On November 3, 2020, Plaintiff submitted a FOIA request ("the Request") to Defendant ICE for materials related to Homeland Security Investigations ("HSI") handbooks for Counterterrorism & Criminal Exploitation Investigations; Human Smuggling & Trafficking Investigations; Narcotics and Transnational Organized Crime Rewards Program; National Security Investigation; and Investigative Methods. *See* Ex. A.

3. HSI is the second-largest investigative agency in the federal government and the principal investigative component of the Department of Homeland Security ("DHS"). HSI, which employs more than 7,100 agents across 225 cities and has a significant international presence, has a broad mandate within ICE to conduct federal criminal investigations into the "cross-border movement of people, goods, money, [and] technology."[1] Moreover, HSI agents are sweepingly empowered to investigate "any federal crime."[2] HSI has also been deployed against Americans to monitor those engaging in First Amendment-protected activities.[3]

4. The HSI handbooks and related documents sought by the Request are essential for ensuring transparency of the conduct of an investigative agency with a wide-ranging mandate and a checkered history when it comes to the rights of citizens and non-citizens. Indeed, previously published iterations of HSI handbooks have raised concerns from civil liberties advocates about the techniques endorsed therein.[4] As such, the public interest at stake in the release of these documents is of the utmost importance.

5. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

---

[1] *Homeland Security Investigations*, U.S. Immigration and Customs Enforcement, https://www.ice.gov/about-ice/homeland-security-investigations (last accessed Mar. 18, 2021).
[2] Todd Feathers, *The most powerful agency you've never heard of: Homeland Security Investigations*, MUCKROCK (Apr. 22, 2014), https://www.muckrock.com/news/archives/2014/apr/22/operation-cornerstone-training-slides (last accessed Mar. 4, 2021).
[3] *See, e.g.,* Jimmy Tobias, *Exclusive: ICE Has Kept Tabs on 'Anti-Trump' Protesters in New York City*, THE NATION (Mar. 6, 2019), https://www.thenation.com/article/archive/ice-immigration-protest-spreadsheet-tracking (last accessed Mar. 4, 2021).
[4] Eoin Higgins, *Confidential ICE Handbook Lays Out Paths for Investigators to Avoid Constitutional Challenges*, THE INTERCEPT (Feb. 23, 2018), http://theintercept.com/2018/02/23/ice-search-seizure-handbook-manual-secret (last accessed Mar. 4, 2021).

6. Defendant ICE has failed to comply with its obligations under FOIA. As of the date of this filing, Defendant has not issued a final determination in response to Plaintiff's Request, and has yet to produce a single document.

7. Plaintiff brings this action to compel Defendant to immediately process and release to Plaintiff all responsive records that it has unlawfully withheld.

## PARTIES

8. Plaintiff Brennan Center is a nonprofit, nonpartisan law and policy institute that is focused on fundamental issues of democracy and justice. The Brennan Center's Liberty and National Security ("LNS") Program uses innovative policy recommendations, litigation, and public advocacy to advance effective national security policies that respect the rule of law and constitutional values. The Brennan Center is a 501(c)(3) corporation headquartered at 120 Broadway in New York, New York.

9. Defendant Immigration and Customs Enforcement is a component of the U.S. Department of Homeland Security and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). ICE is the component agency of the Department of Homeland Security that enforces U.S. immigration law. HSI is an investigative component within ICE. ICE has possession of and control over the documents and information requested by Plaintiff.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

11. Venue in the Southern District of New York is proper under 5 U.S.C. § 552(a)(4)(B) because the Brennan Center has its principal place of business in New York City and because the Brennan Center's FOIA request to ICE occurred within the City and County of New York, within this District.

**STATUTORY BACKGROUND**

12.     The Freedom of Information Act provides that any member of the public may request records from a United States agency. Upon receipt of a FOIA request, an agency must determine within 20 business days—or, in "unusual circumstances," by 30 business days—whether it will comply with a request and notify the requestor of its determination and reasoning in writing. 5 U.S.C. § 552(a)(6)(A)(i)-(B)(i). This determination must also timely indicate the scope of the documents the agency intends to produce and the exemptions, if any, that it will apply to withhold documents.

13.     In response to a FOIA request, an agency, after engaging in a reasonable search for responsive records, including of any field offices that may possess relevant materials, must disclose in a timely manner all records that do not fall within nine narrowly construed statutory exemptions. 5 U.S.C. § 552 (a)(3)(A), (C), (b)(1)-(9).

14.     Typically, a requester under FOIA must appeal agency action administratively before commencing litigation. However, if the agency has failed to abide by its obligations and issue a determination on the request or a determination on an administrative appeal within the statutory timeframe, the administrative appeal process is considered exhausted. 5 U.S.C. § 552(a)(6)(C)(i).

15.     Upon complaint, a district court can enjoin an agency from withholding records and order production of records improperly withheld. 5 U.S.C. § 552(a)(4)(B).

**FACTUAL BACKGROUND**

16.     The second-largest federal investigative agency, HSI is the principal investigative component of DHS, employing more than 7,100 agents across 225 cities with additional offices and agents overseas. Within ICE, HSI is broadly responsible for conducting federal criminal investigations into the "cross-border movement of people, goods, money, [and] technology."[5] Additionally, HSI agents are sweepingly authorized to investigate any federal crime. HSI is the

---

[5] *See supra* note 1.

Case 1:21-cv-02443 Document 1 Filed 03/19/21 Page 5 of 9

only federal law enforcement investigative agency with border search authority, full access to the Bank Secrecy Act reports, and exclusive access to trade data.[6]

17. HSI has also been involved with surveilling Americans engaged in First Amendment-protected activities. For example, in the summer of 2019, HSI was involved with surveilling and tracking peaceful, left-leaning protests in New York,[7] and in August 2020, as part of its surge of federal law enforcement into American cities following predominantly peaceful nationwide protests, the Trump Administration deployed HSI agents to Chicago.[8]

18. Furthermore, previous iterations of HSI guidelines and handbooks have raised cause for concern about HSI's practices. Following the public dissemination of HSI's Search and Seizure handbook, investigative journalists were alarmed at the techniques revealed in the handbook that were geared at allowing HSI to "effectively operate with as few restrictions as possible across the country" and described "[p]rotecting agents' work from constitutional challenges" as one of the Handbook's primary focuses.[9] Likewise, the unauthorized dissemination of HSI's Assert Forfeiture Handbook revealed HSI's systematic use of asset seizure, a practice that has come under bipartisan scrutiny, to fund itself.[10]

19. Accordingly, the policies and practices contained in the HSI handbooks sought in the Request relate to a number of issues of the highest public importance: Counterterrorism & Criminal Exploitation Investigations; Human Smuggling & Trafficking Investigations; Narcotics and Transnational Organized Crime Rewards Program; National Security Investigation; and Investigative Methods. In turn, the policies and procedures that HSI may leverage in pursuing its broad mandate inherently implicate the rights of Americans and the need for transparency into governmental operations. These handbooks are relevant to the policies and practices, from agent

---

[6] *See* Feathers, *supra* note 2.
[7] *See* Tobias, *supra* note 3.
[8] *See* Kyle Cheney, DH*S: ICE agents sent to cities would be highly trained, cooperate with local police,* POLITICO (Aug. 12, 2020, 10:04 AM), https://www.politico.com/news/2020/08/12/dhs-ice-agents-cities-training-police-cooperation-394211 (last accessed Mar. 4, 2021).
[9] *See* Higgins, *supra* note 4.
[10] Ryan Devereux & Spencer Woodman, *Leaked ICE Guide Offers Unprecedented View of Agency's Asset Forfeiture Tactics*, The Intercept (Oct. 13, 2017, 7:58 AM), https://theintercept.com/2017/10/13/ice-hsi-asset-forfeiture-handbook (last accessed Mar. 4, 2021).

trainings to procedures governing agency conduct, of an important agency with a complicated history and a virtually unfettered mandate and are thus of the utmost public interest.

## **PLAINTIFF'S FOIA REQUEST**

20. Plaintiff submitted the Request to Defendant ICE on November 3, 2020. *See* Ex. A.

21. The Request seeks the most recent and finalized HSI handbooks for Counterterrorism & Criminal Exploitation Investigations; Human Smuggling & Trafficking Investigations; Narcotics and Transnational Organized Crime Rewards Program; National Security Investigation; and Investigative Methods. *See id.*

22. The Request further seeks memoranda and training materials from January 21, 2017 until the date of the Request that explain the policies behind these handbooks or guide agents in implementing these handbooks. *See id.*

23. Plaintiff sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and DHS' implementing regulation, 6 C.F.R. § 5.5(e). This expedited processing was sought due to the "compelling need" for these records, because the information requested was required by an organization "primarily engaged in disseminating information" due to an "urgency to inform the public concerning actual or alleged federal government activity" pursuant to 6 C.F.R. § 5.5(e)(1)(ii). Plaintiff further stated that this information was necessary for the Brennan Center's work informing the public of the training governing the actions of HSI agents, a topic of significant news coverage. *See id.*

24. Plaintiff also sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)-(iii) on the basis that disclosure of the requested records was in the public interest because disclosure was likely to contribute significantly to the public understanding of the activities or operations of the federal government and was not primarily in Plaintiff's commercial interest. *See id.* Plaintiff further stated that it qualified for a fee waiver because of its role as a member of the news media and as an educational institution. *See id.*

### DEFENDANT ICE'S RESPONSE AND PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

25. On December 16, 2020, Defendant ICE sent an email acknowledging receipt of the Request in their office on November 3, 2020. *See* Ex. B, Email from ICE FOIA Office to Rachel Levinson-Waldman (Dec. 16, 2020). Defendant ICE granted Plaintiff's request for a fee waiver and denied Plaintiff's request for expedited processing. *Id.* Broadly referencing 5 U.S.C. § 552(a)(6)(B), Defendant ICE invoked a 10-day extension to respond to Plaintiff's Request, stating that Plaintiff's Request "seeks numerous documents that will necessitate a thorough and wide-ranging search." *Id.*

26. Therefore, Defendant's response was due on December 17, 2020.

27. As of this filing, Plaintiff has not received the required determination from Defendant ICE; nor has it received any responsive records or any other substantive reply to their Request. In fact, Plaintiff has received no further correspondence from ICE since the December 16, 2020 email.

28. Despite its clear obligations under FOIA, Defendant has not provided any substantive determination in response to the Request nor released any records responsive to the Request within the statutory timeframe.

29. Because Defendant has not complied with the statutory time limits set forth in the FOIA statute, Plaintiff's administrative remedies are considered exhausted under 5 U.S.C. § 552(a)(6)(C)(i).

### CAUSE OF ACTION
**(Violation of the Freedom of Information Act)**
**5 U.S.C. § 552(a)**

30. Plaintiff incorporates the above paragraphs as if set forth fully herein.

31. Defendant ICE has a legal duty under FOIA to determine whether to comply with a request within 20 days after receiving the Request or within 30 days upon invoking an extension. Defendant ICE also has a legal duty to timely notify the requester of the agency's determination and the reasons therefore.

32. The Brennan Center has a legal right under FOIA to obtain the agency records they requested in its Request. There is no legal basis for Defendant's failure to timely respond to Plaintiff's Request and provide all records responsive to the Request to Plaintiff.

33. Defendant has violated 5 U.S.C. § 552(a)(6)(A)-(B) and applicable regulations promulgated thereunder by failing to determine whether to comply with Plaintiff's Request and communicate such determination to Plaintiff within 30 days.

34. Defendant ICE's failure to timely release agency records in response to Plaintiff's Request has violated 5 U.S.C. § 552(a)(3)(A).

35. Defendant ICE has violated 5 U.S.C. § 552(a)(3)(C)-(D) by failing to make reasonable efforts to search for records responsive to Plaintiff's Request.

36. 5 U.S.C. § 552(a)(4)(B) authorizes the grant of injunctive relief to Plaintiff Brennan Center because Defendant ICE continues to flout FOIA and improperly withhold agency records. Because Defendant's refusal to respond to Plaintiff's Request prevents Plaintiff from educating the public about the operations and standards of HSI, Plaintiff will continue to suffer irreparable injury from Defendant's withholding of government documents subject to Plaintiff's Request in defiance of FOIA mandates.

37. 28 U.S.C. § 2201 authorizes declaratory relief because an actual and justiciable controversy exists regarding Defendant's improper withholding of agency records in violation of FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brennan Center requests the Court award it the following relief:

A. Enter judgment that Defendant's failure to determine within the statutorily appointed 30 days whether to comply with the Request and timely notify Plaintiff of such determination and its reasoning violates FOIA;

B. Enter judgment that Defendant's unlawful withholding of the records requested violates FOIA;

C.     Enter an order requiring Defendant to immediately release any and all responsive and not otherwise exempt records to Plaintiff;

D.     Award Plaintiff its reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.     Grant such further relief as the Court may deem just and proper.

Dated: New York, New York
       March 19, 2021

<div style="margin-left: 50%;">

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Nimra H. Azmi

Nimra H. Azmi
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
(212) 402-4072
nimraazmi@dwt.com

Thomas R. Burke (*pro hac vice* forthcoming)
505 Montgomery Street
San Francisco, CA 94111-6533
(415) 276-6552
(415) 276-6599
thomasburke@dwt.com

*Attorneys for Brennan Center for Justice at New York University School of Law*

</div>