UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

BRENNAN CENTER FOR JUSTICE AT NEW          Case No. 21-cv 02443
YORK UNIVERSITY SCHOOL OF LAW,

          Plaintiff,

     - against -

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

          Defendant.

-------------------------------------------------------------

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT OF FACT**

Pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Defendant United States Immigration and Customs Enforcement ("ICE" or "Defendant") respectfully responds to Plaintiff Brennan Center for Justice at New York University School of Law ("Plaintiff")'s statement of material facts in support of its cross-motion for summary judgment.

1.     On November 3, 2020, Plaintiff Brennan Center submitted a FOIA request to Defendant Immigrations and Customs Enforcement ("ICE"). *See* Declaration of Rachel Levinson-Waldman in Support of Plaintiff's Motion for Summary Judgment ("Levinson-Waldman Decl.") ¶ 5. The Request sought:

    1) The following HSI Special Agent Handbooks, as identified in the Index to the Special Agent Manual, in the version most recently finalized for agency use:
       a. Counterterrorism & Criminal Exploitation Investigations Handbook
       b. Human Smuggling & Trafficking Investigations Handbook
       c. Narcotics and Transnational Organized Crime Rewards Program Handbook
       d. National Security Investigations Handbook
       e. Investigative Methods Handbook (hereinafter, "Part One").

1

2) Any memoranda or training materials issued from January 21, 2017 to the date of this request that purport to explain the policies behind, or guide agents in implementation of, the documents above (hereinafter, "Part Two").

*Id.* ¶¶ 6-7.

**Response:** Do not dispute.

2.       On December 16, 2020, Defendant ICE sent an email acknowledging receipt of the Request in their office on November 3, 2020. Declaration of Nimra H. Azmi in Support of Plaintiff's Motion for Summary Judgment ("Azmi Decl.") ¶ 3.

**Response:** Do not dispute.

3.       ICE did not issue a determination or release any productions in the statutorily prescribed time limits. *Id.* ¶ 4.

**Response:** The Court should disregard this purported statement of "fact" as it is argumentative and a legal conclusion. *See Parchem Trading, Ltd. v. DePersia*, No. 17 Civ. 1618 (KMK), 2020 WL 764211, at *1 n.1 (S.D.N.Y. Feb. 14, 2020).  Defendant does not dispute however it did not produce any records until commencement of litigation.  This dispute, however, is immaterial to any material issue herein—specifically, whether Defendant conducted an adequate search and whether the redactions/withholdings that Plaintiff is challenging are proper.

4.       Plaintiff filed suit on March 19, 2021, alleging that ICE had violated the FOIA by unlawfully withholding documents responsive to the Request. *Id.* ¶ 5.

**Response:** Do not dispute.

5.       On April 12, 2021, this Court held a conference and ordered ICE to release its production to Plaintiff by July 15, 2021. *Id.* ¶ 6.

**Response:** Do not dispute.

6.       Defendant ICE, on May 28, 2021, issue its first "final response" to Plaintiff's Request. ICE withheld 189 pages in part under FOIA Exemptions (b)(5) ("Exemption 5") and (b)(7)(E) ("Exemption 7"). *Id.* ¶ 7. Defendant ICE withheld one page in full pursuant to Exemption 7 and released 80 pages in full. *Id.*

2

**Response:** Do not dispute the description of the May 2021 "final response," although aver that though the letter was dated May 28, 2021, the production was emailed to plaintiff's counsel on May 26, 2021.

7.      On June 25, Plaintiff's counsel sent an email to ICE's counsel regarding "places throughout the production where the exemptions are overbroad or where, potentially, the search has been under-inclusive." *Id.* ¶ 8. Plaintiff's counsel alerted Defendant ICE of its position that there were additional areas of information that Plaintiff was entitled to and redactions it contested. *Id.* Redactions at issue included definitions throughout the produced Handbooks of terms concerning publicly available information; trainings and materials referenced in certain of the Handbooks responsive to Part 2 of the Request but nonetheless not released; Exemption 7(E) redactions in the table of contents for the *Narcotics and Transnational Organized Crime Rewards Programs Handbook*; *National Security Investigations Handbook*; and the *Counterterrorism and Criminal Exploitation Handbook*; and the redaction of a final memoranda under Exemption 5. *Id.* Plaintiff's counsel requested a *Vaughn* Index to review the appropriateness of the redactions. *Id.*

**Response:** Do not dispute.  With regards to the third sentence, ICE denies that the description of the redactions is material to the resolution of Plaintiff's FOIA claim since it does not describe the current set of disputed redactions.

8.      On July 2, 2021, Defendant's counsel stated via email that ICE was re-reviewing its redactions based on Plaintiff's questions. *Id.* ¶ 9. ICE's counsel informed Plaintiff of Defendant ICE's position that one of the trainings it had requested was nonresponsive to the Request. ICE's counsel additionally stated that ICE had "tasked NSLD to search for any memoranda and training materials that purport to explain the policies behind or guide agents in the implementation specific to the HSI National Security Investigations Handbook, for the relevant timeframe of the request, January 21, 2017-November 20, 2020." *Id.* Defendant ICE refused to provide a *Vaughn* Index. *Id.*

**Response:** Do not dispute the first or second sentences.  The third sentence is cited out of context – as shown in Exhibit C to the Azmi Declaration, ICE stated its position that the general

3

statement with regards to NSLD "would not trigger a search for responsive records, however, without waving that objection and without conceding that a search should be conducted," ICE tasked a search "in order to move the case along." *See* ECF No. 22-3 at 2. Denies the last sentence. ICE specifically stated that Plaintiff would "of course receive a Vaughn index as part of SJ Briefing," but that "ICE is not able to provide a Vaughn at this time." *See* ECF No. 22-3 at 3.

9.      On July 15, 2021, Plaintiff's counsel sent ICE's counsel a digital copy of a handbook concerning Human Smuggling Investigations called the *Human Smuggling / Human Trafficking Investigations Lesson Plan HSI Special Agent Training*. *Id.* ¶ 10. Plaintiff's counsel informed ICE's counsel that Plaintiff believed that the non-inclusion of these trainings raised questions about the sufficiency of ICE's search for materials responsive to Part 2 of the Request. *Id.*

**Response:** Do not dispute.

10.      On an August 5, 2021 telephone call, ICE's counsel reported that ICE had construed Part 2 of the Request as seeking only memoranda or training materials that directly referenced the handbooks requested in Part 1 and had run its searches accordingly. *Id.* ¶ 12. Plaintiff's counsel informed Defendant's counsel that Plaintiff disagreed with this construction of Part 2. *Id.* ¶ 12. ICE's counsel stated that Plaintiff could file a new FOIA request for the documents it stated it sought through Part 2 of the Request. ICE's counsel further stated that even if ICE were inclined to run the new searches, doing so would not be possible by scheduled August 17, 2021 conference before this Court. *Id.* ¶ 12.

**Response:** Do not dispute sentence one, two, and four. With regards to the third sentence, the sentence is not material to the resolution of Plaintiff's FOIA claim. Moreover, the sentence is taken out of context, as ICE's counsel informed Plaintiff that it could file a new FOIA request for training topics that did not directly reference the handbooks. *See* ECF No. 22-6.

11.      On August 9, 2021, Defendant ICE sent its second "final response" to Plaintiff's Request. *Id.* ¶ 13. The final response stated that ICE had reprocessed 110 responsive pages of

4

records and lifted certain withholdings. *Id.* ICE released 32 pages in full and withheld 78 pages pursuant to FOIA Exemptions (b)(5) and (b)(7)(e). *Id.*

**Response:** Do not dispute.

12.    On August 13, 2021, following review by Plaintiff Brennan Center of the re-released production, Plaintiff's counsel informed ICE's counsel of its position that Defendant ICE's reading of Part 2 of the Request was "artificially strained." *Id.* ¶ 14. Plaintiff's counsel inquired whether ICE would be willing run the search again pursuant to how Plaintiff intended, drafted, and construed the Part 2 before this Court entered a briefing schedule. *Id.* Defendant ICE's counsel stated that "ICE is not willing to run any additional searches at this time – ICE's position is that they searched for materials that directly related to the handbooks requested, which is what you asked for." *Id.*

**Response:** Do not dispute sentence one and three.  The Court should disregard the purported statement of "fact" in sentence two as it is argumentative and a legal conclusion**.**  *See Parchem Trading,* 2020 WL 764211, at *1 n.1.  However, ICE does not dispute that Plaintiff's counsel asked whether ICE would re-run the search prior to entering into a briefing schedule.

13.    On August 16, 2021, Plaintiff's counsel informed Defendant ICE of the subset of Exemption 7(E) and Exemption 5 redactions from the *National Security Investigations* Handbook that Plaintiff intended to challenge. *Id.* ¶ 15. Plaintiff's counsel encouraged ICE to reconsider its redactions. *Id.* ICE did not do so. *Id.* Plaintiff's counsel also informed ICE's counsel of Plaintiff's intention to challenge the sufficiency of Defendant ICE's search for documents responsive to Part 2 of the Request. *Id.*

**Response:** Do not dispute sentence one, two, and four.  Dispute the characterization of sentence three, although do not dispute that ICE did not further modify any of its redactions.

Dated: October 14, 2021
New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By:      */s/ Rebecca R. Friedman*
REBECCA R. FRIEDMAN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:    (212) 637-2614
Fax:    (212) 637-2686
Email: rebecca.friedman@usdoj.gov

6